UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIER MORENO,<br><br>    Plaintiff,<br><br>vs.<br><br>GEORGIA-PACIFIC LLC AND GEORGIA-PACIFIC GYPSUM LLC,<br><br>    Defendants. | Case No.: 13-cv-01588-YGR<br><br>**ORDER DENYING REQUEST TO ENTER PROTECTIVE ORDER PER STIPULATION** |

The parties have submitted for the Court's approval an Amended Stipulated Protective Order ("Stipulation"). (Dkt. No. 18.)[1] Included in the Stipulation are provisions that would: (1) allow the parties to designate any document or piece of information as "confidential" if such designation is "necessary to protect the interests of the client"; and (2) permit the parties to file under seal any pleadings, motions, or other papers disclosing confidential information unless the Court "requires any further act by the parties as a precondition to the filing of documents under seal." (Stipulation ¶¶ 1, 8.)

The Court cannot approve a protective order that would effectively permit every document and discovery response to be designated as confidential because it is in a party's "interest" to keep the information private. In addition, the Court cannot approve a protective order that, in essence, allows each party to select the portions of the record that will be sealed and, therefore, not made part of the public record. The parties' proposal with respect to sealing documents is in direct contradiction to Civil L.R. 79-5. For these reasons, the Court **DENIES WITHOUT PREJUDICE** the

---

[1] The parties also filed a Stipulated Protective Order for Standard Litigation at Dkt. No. 17.

1  parties' request to enter the Stipulation as an order of this Court.

2  The parties are directed to review the Stipulated Protective Order for Standard Litigation on
3  the Northern District of California's website.  The parties shall, in submitting any future stipulation,
4  ensure that the provision regarding sealing documents is consistent with Civil L.R. 79-5, which was
5  revised effective October 1, 2013.  Further, the parties shall ensure that any provision regarding
6  discovery-related disputes is consistent with this Court's Standing Order in Civil Cases at section 8.

7  The parties shall revise and resubmit a proposed stipulated protective order in accordance
8  with this Order.

9  This Order terminates Dkt. Nos. 17 and 18.

10  **IT IS SO ORDERED.**

12  Dated: October 7, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**